IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-11418 |
| | | CHAPTER 13 |
| HENRY FLOWERS, IV | : | JUDGE JEFFERY P. HOPKINS |
| DEBTOR(S) | : | TRUSTEE'S OBJECTION |
| | | TO CONFIRMATION |


Comes now the Chapter 13 Trustee, Margaret A. Burks and files this objection to the Plan filed by debtor(s). The Trustee objects for the reasons stated herein. Requested documents have not been provided.


a) Provide all bank statements for Wells Fargo ending in 7364 and USAA ending in 8628 from the time the first installment payment was received from the small business loan through the date of filing. Debtor testified that he thinks the first payment was remitted in June 2021.

b) Divorce Decree, once entered by the Domestic Relations Court. Debtor must comply with Domestic Relations Court's decisions or Trustee will object to confirmation. Provide magistrate's decision and all other relevant documentation regarding the status of debtor's divorce.

c) Review all schedules and SOFA thoroughly. Is all income disclosed, i.e. unemployment? SBA loan? Handyman income? Henry Flowers Consulting income? Etc.

d) Amend SOFA to disclose property sold in South Carolina in July, 2021 for $170,000. Provide breakdown of sale proceeds and bank account statements in support.

Trustee has repeatedly reminded debtor that all property, debts, assets, income, expenses, etc. **must** be disclosed on the petition, schedules, SOFA and Plan. It appears that debtor has not been fully truthful with disclosing relevant information, specifically, all financial accounts in debtor's name, the sale of property in South Carolina and all sources of income.

Debtor is in the midst of a divorce proceeding. Debtor is represented in the divorce by Darrin Nye, Esq. Debtor's soon to be ex-spouse, Rochelle Flowers, is represented by Shawn Evans, Esq. in the divorce. Benjamin Cramer, Esq. (herein after referred to as "Cramer") represents Rochelle Flowers in this bankruptcy proceeding. Cramer appeared at the 341 meeting of creditors. Cramer and Shawn Evans both appeared at the continued 341 meeting of creditors.

At the 341 meeting of creditors, it was brought to the Trustee's attention that the Magistrate overseeing the divorce proceeding has entered into findings of fact and conclusions of law. The divorce decree has not been entered. The Trustee understands that the Magistrate has ruled that debtor is required to sell the real estate located at 2229 Glenside Ave., Cincinnati, OH 45212 and split the proceeds with Ms. Flowers. Debtor did not comply. Ms. Flowers, through her counsel, filed a Motion for Contempt. The Magistrate found debtor to be in contempt and ordered debtor to incarceration. Debtor

then filed the within bankruptcy staying all further proceedings in the divorce.

Debtor's proposed plan provides that debtor will retain the property at 2229 Glenside Ave. as a long-term debt under 11 U.S.C. 1322(b)(5). The Plan fails to address the Magistrate's specific performance decision regarding, essentially, partitioning of the property. Debtor merely provides that the 'debt' owed to Ms. Flowers be paid as a general unsecured creditor on Schedule E/F.

In light of the following and insofar as the proposed plan does not adequately address the Magistrate's decision, Trustee questions if the plan is feasible.

"Specific performance" is not a debt which can be discharged. The Magistrate's decision may not be final, but it appears that debtor proposes to simply ignore the DR Court's instructions that the debtor sell the real property. This is not simply a monetary property division. In re Baver, 2021 WL 5815643 (Bankr. S.D. Ohio 2021)(Buchanan, J.)

If the debtor were to confirm his Plan, which simply states that debtor will service the long term mortgage debt, the Plan does not address the fact that debtor and his estranged spouse continue to hold title to the real property jointly per a deed recorded in the Hamilton County Recorder's office on March 30, 2020 at Vol. 14135, p. 01815. A discharge will not resolve apportion ownership in the real property between debtor and his joint titleholder.

Counsel for Rochelle Flowers may move for relief to allow the DR Court to finish the apportionment of the respective interests in the real property. Or, Rochelle Flowers could await completion of the Chapter 13 Bankruptcy and file a new action for partition in Common Pleas Court. Conversely, Debtor could ask this Court to address this issue during the bankruptcy. Simply confirming a Plan implying that an unsecured claim held by Rochelle Flowers will be compromised and discharged, however, will not address the disposition of the real property.

Trustee suggests Counsel discuss the sale of the Glenside property with Ms. Flower's Counsel, Benjamin Cramer, Esq.

The Trustee will make the UST's office aware of the facts of this case.

The Trustee requests that the Court uphold her objection.


                                    Respectfully submitted,


                          /s/    Margaret A. Burks, Esq.
                                 Margaret A. Burks, Esq.
                                 Chapter 13 Trustee
                                 Attorney Reg. No. OH 0030377

                                 Francis J. DiCesare, Esq.
                                 Staff Attorney
                                 Attorney Reg. No. OH 0038798

Tammy E. Stickley, Esq.
Staff Attorney
Attorney Reg No. OH 0090122

600 Vine Street, Suite 2200
Cincinnati, OH  45202
513-621-4488
513 621-2643  (facsimile)
mburks@cinn13.org Correspondence only
fdicesare@cinn13.org
tstickley@cinn13.org


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Trustee's Objection to Confirmation was served **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and by first class m**ail** on October 5, 2022 addressed to:


Henry Flowers, IV
debtor
2229 Glenside Avenue
Cincinnati, OH 45212

Benjamin Cramer, Esq.
Cramer Legal LLC
7420 Jager Court
Cincinnati, OH 45230

Darrin E. Nye, Esq.
Nye Law LLC
810 Sycamore St., 3rd Floor
Cincinnati, OH 45202


/s/Margaret A. Burks, Esq.
    Margaret A. Burks, Esq.
    Francis J. DiCesare, Esq.
    Tammy E. Stickley, Esq.

```
                   UNITED STATES BANKRUPTCY COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION


IN RE:                              :      CASE NO. 22-11418
                                           CHAPTER 13
        HENRY FLOWERS, IV           :      JUDGE JEFFERY P. HOPKINS

        DEBTOR(S)                   :      NOTICE OF OBJECTION
                                           TO CONFIRMATION
```

        The Chapter 13 Trustee, Margaret A. Burks, has filed an Objection to
Confirmation of the Plan filed in the above-referenced case.

        **Your rights may be affected.  You should read these papers carefully and
discuss them with your attorney, if you have one in this bankruptcy case.  (If
you do not have an attorney, you may wish to consult one.)**

        If you do not want the court to grant the relief sought in objection to
confirmation, or if you want the court to consider your views on the objection,
October 25, 2022, at the United States Bankruptcy Court, Atrium II, Suite 800,
221 East 4th Street, Cincinnati, Ohio 45202.

        You may also file a Response explaining your position.

                If you mail your response to the court for filing, you must mail it
                early enough so the court will receive it before the confirmation
                hearing.

                If you file a Response, you must also mail a copy to:

```
Margaret A. Burks                        U.S. Trustee
Chapter 13 Trustee                       J.W. Peck Federal Building
600 Vine Street                          550 Main Street, Room 4-812
Suite 2200                               Cincinnati, Ohio 45202
Cincinnati, Ohio 45202
```

        If you or your attorney do not take these steps, the court may decide that
you do not oppose the relief sought in the objection and may enter an order
granting that relief.


```
Date:  October 5, 2022                   /s/Margaret A. Burks, Esq.
                                            Margaret A. Burks, Esq.
```